LOUIS F. SNEDIGAR and GEORGE J. BAYA, Co-partners doing business under the firm name and style of Snedigar & Baya, v. NEW JERSEY FIDELITY & PLATE GLASS INSURANCE COMPANY, a New Jersey Corp., et al.

163 So. 71.

Opinion Filed June 24, 1935.

Petition for Rehearing Denied September 18, 1935.

*Thomas H. Anderson,* for Appellants;

*Herbert U. Feibelman, Stanley C. Myers,* and *Waller & Pepper,* for Appellees.

DAVIS, J.—This is a separate appeal prosecuted by Louis F. Snedigar and George J. Baya, partners under the name and style of Snedigar & Baya, from certain interlocutory orders entered by the Circuit Court of Leon County in the case of London Operating Company versus New Jersey Fidelity & Plate Glass Insurance Company—a suit in chancery in which they were intervening claimants as provided for by Chapter 16247 and Chapter 16248, Acts of 1933, relating to insolvent foreign surety companies. The orders appealed from were entered August 7, 1934, and October 27, 1934, respectively. The order of October 27, 1934, has been considered and dealt with by this Court in a separate appellate proceeding decided at the present term (Kelly versus Knott, opinion filed June 24, 1935) so this opinion will relate particularly to the court's interlocutory order of August 7, 1934, insofar as it disposed of claims 35 to 39, aggregating the sum of $1029.48 claimed by appellants, Snedigar & Baya, which claims were rejected by the Circuit Court.

The appellants' theory is that Section 6302 C. G. L., 4339 R. G. S., and Chapter 16248, Acts 1933, declaratory of the policy thereof, specifically authorize and require the payment

of "all claims against" an insolvent surety company, out of the special securities deposited with the State Treasurer to enable it to acquire a right to transact a surety company business in Florida, and that the wording of such statute is not subject to the restricted interpretations placed on it in the court below, which was to the effect that the term "claims against it" as used in Section 6302 C. G. L., *supra,* means only such claims as arise against such surety company out of Florida bonds and contracts of suretyship executed by it in this State.

. The construction contended for by the appellants is approved by this Court as the correct one, on the authority of the opinion adopted and filed by this Court in the case of William H. Kelly, as Commissioner of Banking and Insurance of the State of New Jersey, v. William V. Knott, as State Treasurer and ex-officio Insurance Commissioner, and New Jersey Fidelity & Plate Glass Insurance Company, decided at the present term. But, as was indicated by the views expressed in the opinion filed June 24, 1935, in the case last referred to, all claims of common creditors, such as that of appellants involved in this case, are necessarily to be subordinated to the payment of claims, if any, that may have accrued against the deposited securities by reason of breaches of surety bonds or contracts of suretyship, to secure which is the *primary,* but not the sole, purpose of the deposit of securities with the State Treasurer, as required of surety companies under the Florida statute hereinbefore mentioned.

So much of the order of August 7, 1934, as rejected the claims of appellants is reversed, and the cause remanded to the Circuit Court for appropriate proceedings not inconsistent with this opinion. The order of October 27, 1934,

is modified to conform to this opinion and as so modified is affirmed.

Reversed in part and remanded.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.